```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

GILBERT M. GOLDMAN, JR.                          CIVIL ACTION

VERSUS                                           NO: 05-1835
                                                 (c/w 05-2121)

HARTFORD LIFE AND ACCIDENT                       SECTION "R" (5)
INSURANCE COMPANY, ET AL.


## ORDER

Before the Court is plaintiff Gilbert Goldman's motion for reconsideration of the Court's April 4, 2006 order granting defendant Halliburton Energy Services, Inc.'s motion to dismiss Goldman's complaint. For the following reasons, the Court DENIES Goldman's motion.

### I.   BACKGROUND

Plaintiff Gilbert Goldman is a former employee of Baroid Drilling Fluids, a division of defendant Halliburton Energy Services, Inc. On March 23, 2001, Goldman was injured while he worked as a mud engineer on an offshore drilling rig. In this

action, Goldman asserts a claim against Halliburton under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.*, based on allegations that Halliburton has taken conflicting positions at various times concerning Goldman's status, that is, whether Goldman is a Jones Act seaman, whether he is covered by the Longshoremen and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, *et seq.*, or whether he is covered by the Louisiana state workers' compensation law.

On February 6, 2006, Halliburton moved to dismiss Goldman's complaint for failure to state a claim. By order dated April 4, 2006, the Court granted Halliburton's motion. Specifically, the Court found that Goldman had failed to sufficiently allege even a single predicate act of racketeering activity, let alone the multiple predicate acts necessary to establish a pattern of racketeering activity under RICO. In that same order, the Court also denied Goldman's motion for summary judgment on his claim that Halliburton should be estopped from asserting that Goldman is a Jones Act seaman.

Goldman now moves for reconsideration of the Court's April 4, 2006 order.

**II. DISCUSSION**

A district court has considerable discretion to grant or to

deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

In this case, Goldman presents no arguments that would warrant reconsideration of the Court's April 4, 2006 order. Goldman does not purport to have newly discovered evidence that would affect the Court's decision. Nor has Goldman established that the Court erred in dismissing Goldman's complaint for failure to state a RICO claim. Although Goldman argues at length

3

that the Court erred in finding that his RICO allegations were legally insufficient, none of Goldman's scattershot arguments sufficiently addresses the pleading deficiencies identified by the Court or adequately explains how his allegations are legally sufficient, under the applicable pleading standards, to establish predicate acts of mail fraud.  Accordingly, the Court denies Goldman's motion for reconsideration.

**III. CONCLUSION**

For the reasons stated above, the Court DENIES Goldman's motion for reconsideration.

New Orleans, Louisiana, this <u>5th</u> day of June, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE